**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | | |
|---|---|---|
| JAMES M. LYLE, | ) | |
|       **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:07-0475** |
| | ) | |
| FCI BECKLEY, | ) | |
|       **Defendant.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On August 2, 2007, Plaintiff,[1] acting *pro se* and formerly incarcerated at FCI Beckley, in Beckley, West Virginia, filed a letter addressed to the Clerk of the Court in which he states that he is being wrongfully confined in the Special Housing Unit [SHU] and requests a form Complaint. Specifically, Plaintiff states as follows (Document No. 1.):

> I am writing today because I have an issue. I am currently in Special Housing Unit (SHU) due to involuntary protective custody. The staff pulled me up on 7-11-07 and locked me up, and they wont's answer any of my requests that I send to them. I turned in a BP8 form (Request for Admin. Remedy) over 15 days ago and they haven't responded, nor have I seen my counselor. I asked for another one and they refused to give me one.
>
> I sent my institutional mail to accounts, the form for them to fill out and return and they have not responded. I wanted to file a 1983/Bivens on the involved people due to my wrongful detention due to sexual harassment. Can I file a lawsuit at this time? I am unable to get any member of my unit team or administration to assist me or listen. I appreciate your help.

By letter dated August, 2, 2007, the Clerk of the Court notified Plaintiff that his lawsuit was not in proper form and requested Plaintiff to complete and return the following forms to the Clerk's office within 10 days: (1) Four copies of a Complaint form, with Instructions; (2) One Application to Proceed without Prepayment of Fees and Affidavit; and (3) One Authorization to Release

---

[1] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on September 30, 2008.

Institutional Account Information and to Pay Filing Fee. (Document No. 3.) On August 8, 2007, Plaintiff filed a letter-form motion for a thirty day extension of time to submit the above forms. (Document No. 4.) Plaintiff indicated in his request that staff at FCI Beckley were delaying providing him with administrative grievance forms and were preparing to transfer him to another facility in retaliation for his complaint that he was being wrongfully detained in the Special Housing Unit. (Id.) By Order entered on January 18, 2008, the undersigned granted Plaintiff an extension of time until February 18, 2008, to complete and file the above forms. (Document No. 6.) The undersigned noted that even though it appeared that Plaintiff wished to state a claim under Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), "Plaintiff's initial writing (Document No. 1.) is indeed insufficient because Plaintiff does not name individual officers who allegedly violated his constitutional rights" and "Plaintiff has not paid the Court's filing fee or submitted an Application to Proceed Without Prepayment of Fees or in forma pauperis." (Id., p. 2.)

On February 4, 2008, Plaintiff filed his second letter-form Motion for an Extension of Time. (Document No. 7.) Specifically, Plaintiff stated that an extension of time was necessary based upon the following:

> The entire institution went on lock down from 1-24-08 to 1-28-08, due to an inmate work strike at the institutional factory. We got out of our cells on Monday 1-28-08 at approximately 9:48 a.m., but the institution still does not have an education/law library, work call or recreation. I am not able to get to the law library due to this situation. I am respectfully requesting for the court's consideration in granting me additional time. I am not sure when the law library will be open or when we will be allowed the movement to the law library. I need to go there to get the forms, I am not able to at this point. I need the following: (1) Complaint Forms w/ instructions; (2) Application to Proceed w/o Pre-payment of fees and affidavit; and (3) Authorization to release institutional account information and to Pay Filing Fee.

(Id.) By letter dated February 4, 2008, the Clerk of the Court responded to Plaintiff's document

2

request by sending the following: (1) Four copies of a Complaint form, with Instructions; (2) One Application to Proceed without Prepayment of Fees and Affidavit; and (3) One Authorization to Release Institutional Account Information and to Pay Filing Fee. (Document No. 8.) By Order entered on March 4, 2008, the undersigned granted Plaintiff an extension of time until April 1, 2008, to file the above forms. (Document No. 9.) The undersigned further notified Plaintiff that if he failed to submit the documents indicating his interest in proceeding with his claims, the undersigned would recommend dismissal of this case. (Id.) Plaintiff has not responded to the Court's Order that was entered more than one year and six months ago. Accordingly, the undersigned has determined that Plaintiff has failed to take any steps to prosecute this action, and therefore, Plaintiff's Complaint in this case should be dismissed.

## ANALYSIS

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure [2] and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* Plaintiff's failure to prosecute *sua sponte*. See Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962).

Rule 41.1 of the Local Rules provides:

**Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown

---

[2] Rule 41(b) of the Federal Rules of Civil Procedure provides:

**(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication upon the merits.

no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall mail a certified copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

(i) the degree of personal responsibility of the plaintiff;
(ii) the amount of prejudice caused the defendant,
(iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
(iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). In consideration of the first three factors, the Court finds that the delays in this case are attributable solely to the Plaintiff as the Defendant has not been required to make an appearance in this action. Pursuant to 28 U.S.C. § 1915, federal courts may authorize the commencement of an inmate's civil action *in forma pauperis* upon the inmate's filing an Application to so proceed, together with an Affidavit stating the nature of the action and Plaintiff's belief that he is entitled to redress. 28 U.S.C. §§ 1915(a)(1) and (2)(2002). "Section 1915 is intended to allow qualified litigants to proceed without having to advance the fees and costs associated with litigation." DeBlasio v. Gilmore, 315 F.3d 396, 398 (4th Cir. 2003). Plaintiff has not responded to the Court's Orders directing him either to pay the requisite $350.00 filing fee in full or to file an Application to Proceed *in Forma Pauperis*. (Document No. 6 and 9.) Further, Plaintiff has not filed his form Complaint naming individual defendants and defining his claims as directed by the Court. Plaintiff, therefore, is the sole cause of the delays in this action. With respect to the second and third factors, although the record is void of further evidence indicating that Plaintiff has

4

a history of "deliberately proceeding in a dilatory fashion," the Court does not find that the named Defendant will be prejudiced by dismissal of Plaintiff's Complaint.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1  is a severe sanction against Plaintiff that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Plaintiff would be futile in view of Plaintiff's failure to pay the filing fee. Moreover, explicit warnings of dismissal would be ineffective in view of Plaintiff's failure to respond to the undersigned's Order entered over one year and six months ago advising Plaintiff that the undersigned would recommend dismissal if Plaintiff failed to complete and file the above forms (Document No. 9.). Accordingly, the undersigned has determined that this action should be dismissed without prejudice unless Plaintiff is able to show good cause for his failure to prosecute.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** this case without prejudice for failure to prosecute and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have thirteen days from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which

objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841,846 (4th Cir. 1985); United States v. Schonce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Johnston and this Magistrate Judge.

The Clerk is hereby directed to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

ENTER: October 1, 2009.

R. Clarke VanDervort
United States Magistrate Judge

6